VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-248



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2025

| | |
|---|---|
| Kevin Barrup\* v. Barrup Farms Inc. et al. } | APPEALED FROM: |
| } | Superior Court, Orleans Unit, |
| } | Civil Division |
| } | CASE NO. 39-3-18 Oscv |
| | Trial Judge: Daniel P. Richardson |

In the above-entitled cause, the Clerk will enter:

Plaintiff Kevin Barrup appeals a jury verdict in defendants' favor and the civil division's award of attorney's fees to defendants.  We affirm.

The record provides the following facts.  Kevin was a minority shareholder and officer in the family's mulching business, defendant Barrup Farms Inc., in which his father, defendant Rodney Barrup, was the majority shareholder.  In 2018, Rodney fired Kevin and sought to sell the business.  Kevin filed this suit seeking to block the sale.  In December 2018, the matter was stayed after the parties entered a settlement agreement.  Kevin agreed to sign his shares in the business to Rodney and in exchange Rodney agreed to pay Kevin $190,000 by July 1, 2019, unless he was unable to sell the business, in which case Rodney had the option to begin paying Kevin monthly installments.  Kevin promised to not take further action to cause the sale not to occur or to substantially reduce the value of the sale.  The agreement contained a clause providing that "[f]ailure by any party to perform pursuant to this Agreement shall constitute a breach and failure of consideration, and shall be actionable as a breach of contract."  The agreement also granted "reasonable attorney's fees and costs incurred as a direct and proximate result of [any] breach."

Rodney did not make the promised payment on July 1 and did not make any installment payments.  As a result, Kevin moved to lift the stay and sought to enforce the payment.  The court lifted the stay and the parties resumed discovery and motion practice in preparation for a jury trial.  At trial, Rodney conceded that he did not pay Kevin but presented evidence showing that the eventual sale of the business was substantially disrupted—and the final sale price reduced—due in part to an anonymous complaint filed with Agency of Natural Resources (ANR) in June 2019.  Rodney presented circumstantial evidence showing that Kevin was responsible for the complaint, including that information in the report was known to Kevin but few others and

that the timing of the report coincided with when Kevin was available and had access to a computer.

At the close of defendants' case, Kevin moved for a directed verdict, arguing that the evidence did not support a finding that he made the ANR complaint or that the complaint substantially reduced the sale value. The court reserved its decision pending the verdict. Through an answer on a jury form, the jury found that Kevin took action to cause the sale of the business to not occur or to reduce the sale value. The court entered judgment for defendants and discharged the jury. Kevin then renewed his directed-verdict motion, arguing that the evidence was circumstantial and insufficient. The court denied the motion, concluding that there was evidence showing that Kevin made the anonymous complaint to ANR and this complaint delayed the sale, and decreased the overall value of the company.

Defendants moved for attorney's fees, as provided in the agreement, and the court granted the motion, concluding that the jury necessarily found that Kevin breached the settlement agreement. It then conducted a reasonableness analysis, deducting some of the requested fees but rejecting Kevin's argument that defendants' fees were excessive because they were more than double Kevin's own fees. Kevin appeals.

Kevin's first argument concerns the jury verdict. The jury was provided with a verdict form with two questions: (1) did Kevin prove that defendants failed to pay him according to the terms of the settlement agreement; and (2) did Rodney prove that Kevin took action causing the sale of the business not to occur or to substantially reduce the sale value. The form instructed that if the answer to Question (1) was Yes, "go on to Question 2," if No, "then sign this form and tell the Court Officer that you have a verdict." The jury did not mark anything for Question (1) and marked "Yes" on Question (2). The form was signed and dated by the foreperson. Based on the jury verdict, the court entered final judgment in favor of defendants.

On appeal, Kevin contends that the fact that the jury did not answer the first question indicates that it was confused and that the court was therefore required to grant a new trial. Kevin relies on Vermont Rule of Civil Procedure 49(b), which states that if answers on a jury form are inconsistent with each other and with the general verdict, "the court shall return the jury for further consideration of its answers and verdict or shall order a new trial." Kevin claims that the jury's nonresponse on Question (1) created an inconsistency, and because the form was not returned to the jury, there must be a new trial. Kevin has failed to demonstrate how this issue was properly preserved for appeal. He has not shown that he argued below that the jury verdict was inconsistent or objected to the court entering judgment based on the jury form. Such an objection was necessary to alert the court and provide it with the opportunity to return the issue to the jury for further consideration. See Puppolo v. Donovan & O'Connor, LLC, 2011 VT 119, ¶ 13, 191 Vt. 535 (mem.) (explaining that to preserve issue for appeal, party must "present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it" (quotation omitted)). Having failed to raise the issue in the civil division, we do not address it on appeal.

Kevin next contends that the court erred in denying his motion for a directed verdict. "In reviewing a grant or denial of a motion for a directed verdict, this Court must view the evidence in the light most favorable to the nonmoving party." Marzec-Gerrior v. D.C.P. Indus., Inc., 164 Vt. 569, 571 (1995). "If any evidence fairly or reasonably supported a lawful theory of the

plaintiff, then we must uphold the trial court's denial of the motion for directed verdict." <u>Nadeau v. Imtec, Inc.</u>, 164 Vt. 471, 475 (1995) (quotation omitted).

Kevin claims that there was insufficient evidence to demonstrate that he was the source of the anonymous complaint to ANR so the jury's verdict was impermissibly based on speculation. The evidence presented to the jury included the following. In 2019, Rodney was actively marketing the company's sale. The plan was to close in the summer of 2019. An anonymous complaint was made to ANR in June 2019 that delayed the sale. The business was heavily leveraged at the time and this delay caused the business's liabilities to grow faster than they could be paid. This ultimately caused the net proceeds to be reduced. In 2019, Kevin communicated with potential buyers indicating that he was trying to stop the sale and threatening to sue buyers. The anonymous complaint in June 2019 related to a surface spill of oil and ultimately ANR found it to be baseless and to not rise to the level of a violation. In October 2018, Kevin had previously called in a complaint to ANR regarding an underground storage tank leaking oil on the property. The anonymous complaint in 2019 came by computer and contained similarities with the 2018 complaint. Both complaints referenced Rodney Barrup and Barrup Farms Inc. as the property owners and referred to an oil leak of the same amount of fuel. In addition, the 2019 complaint referenced the 2018 telephone complaint. Although the 2018 complaint was public, it was not readily accessible to the public without a request. Kevin admitted that he was aware of the issues identified in the 2019 ANR complaint but denied making it. Kevin had time and access to a computer at the time the complaint was made. When this evidence is viewed in the light most favorable to defendants, it supports defendants' claims that Kevin made the anonymous complaint to ANR and that his actions caused the type of delays and reduction in value that violated the parties' settlement agreement. Therefore, the trial court did not err in denying Kevin's motion for a directed verdict.

Finally, Kevin argues that the court erred in awarding attorney's fees to defendants. Parties generally bear their own litigantion costs unless provided by contract or statute. <u>Walsh v. Cluba</u>, 2015 VT 2, ¶ 15, 198 Vt. 453. Here, the court awarded attorney's fees pursuant to the parties' contract. There is no merit to Kevin's assertion that attorney's fees were not appropriate because there was no finding that he breached the contract. Under the parties' agreement, Kevin was obligated to refrain from taking actions to cause the sale not to occur or to substantially reduce the value of the sale. The jury found that Kevin took such action, thereby breaching the parties' contract.

Kevin also argues that the fees were not reasonable. "In determining a reasonable attorney's fee award, courts first calculate a lodestar figure representing the number of hours reasonably expended on the case multiplied by a reasonable hourly rate, and then may adjust that fee upward or downward based on various factors," such as "the experience of the attorney, and the results obtained in the litigation." <u>Id</u>. (quotations omitted). On appeal, this Court gives the trial court's award amount "great discretion and will disturb it only if the court has abused that discretion." <u>Id</u>. (quotation omitted).

Kevin claims that the fees here were not reasonable because defendants' attorney's fees were almost twice as much as his own attorney's fees. The trial court here carefully reviewed the attorney's fees requested by defendants. The court determined a lodestar figure, deducting for work not arising from Kevin's breach. The court also adjusted the lodestar amount, taking into account the required factors. The court rejected Kevin's request to compare his fees to those requested by defendants and to decrease defendants' award to match the cost of his fees. The

court explained that this was not an appropriate measure of an attorney's fee award because it did not account for the parties' litigation needs and strategy. Because the trial court's decision was well reasoned and rested on a full analysis of the relevant factors, it acted within its discretion and there are no grounds for reversal.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice